UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:11-cr-0098 (SEB) |
| | ) | |
| GILLIUM LEVY | ) | |
| | ) | |
| Defendant. | ) | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker Judge, on December 22, 2011, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on December 22, 2011, and to submit to Judge Barker proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). Proceedings were held on December 28, 2011, January 6, January 9, and January 17, 2012, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

Magistrate Judge Mark J. Dinsmore held the initial hearing on Mr. Levy on December 28, 2011. At that hearing, Mr. Levy was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18, Section 3401(e).

Petition. Courtroom minutes of that hearing before Magistrate Judge Dinsmore are now a matter of record.

On January 6, 2012, a continuation of the initial hearing on Mr. Levy was held by Magistrate Judge Mark J. Dinsmore. The defendant signed a waiver of preliminary examination. At that hearing, the defendant orally moved for new counsel to be appointed. The parties orally moved to continue the revocation hearing and the same was granted. Courtroom minutes of that hearing are now a matter of record.

On January 9, 2012, Magistrate Judge Mark J. Dinsmore heard arguments regarding the request for appointment of new counsel. At that hearing, the Court denied the defendant's motion for appointment of new counsel. The defendant then requested that he be allowed to represent himself. The Court conditionally granted his motion and ordered Mike Donahoe and the Indiana Federal Community Defender's Office to be standby counsel. Courtroom minutes of that hearing are now a matter of record.

On January 17, 2012, Magistrate Judge Kennard P. Foster reviewed prior proceedings. Mr. Levy appeared pro se and with his stand-by appointed counsel, Mike Donahoe, Office of the Indiana Federal Community Defender. The government appeared by Winfield Ong, Assistant United States Attorney. U. S. Parole and Probation appeared by Jason Phillips, U. S. Parole and Probation Officer, who participated in the proceedings.

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That Mr. Levy appeared pro se and Mike Donahoe, Office of the Indiana Federal Community Defender, was present as stand-by counsel for Mr. Levy in regard to the pending Petition for Revocation of Supervised Release.

2. Mr. Levy, pro se, and Mr. Winfield Ong, Assistant United States Attorney, stated that Mr. Levy will admit committing specifications 1, 2, 3, 6 and 7 of the Petition for Revocation of Supervised Release and, upon that admission, the government will move to dismiss specifications 4 and 5. The specifications of violations admitted to are as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| **1** | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| **2** | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| **3** | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |
| | As previously reported to the Court on July 8 and 29, 2011, Mr. Levy tested positive for marijuana. He admitted to smoking a "joint", but denied any further drug use. |
| **6** | **"The defendant shall not commit another federal, state, or local crime."** |
| | As previously reported to the Court on July 21, 2011, the offender was arrested by the Indianapolis Metropolitan Police Department (IMPD) for Burglary and Theft; Receiving Stolen Property. According to the police report, Mr. Levy was inside a vacant residence with several hand tools attempting to remove wire from the walls. There was no power in the home, and he was wearing a light on his head. When asked for his name, the offender said Israel Levey and provided a date of birth of December 4, 1978. He had no identification on him to prove otherwise. His true name is Gillium Walter Levy, and his date of birth is December 3, 1978. The offender |

        admitted to the probation officer he was in the residence and provided the name of Israel Levey. Mr. Levy was detained for five days in Marion County Jail, and charges were never filed.

**7**     **"The defendant shall participate in a substance abuse program, which may include no more than eight drug tests per month, and shall pay a portion of the fees."**

        Mr. Levy was referred for drug treatment in August 2011 and has made little effort to participate. He has been very inconsistent with his attendance and has had to be rescheduled over and over again. He often went for weeks without attending, and his counselor stated she is not able to make any progress with him.

The Court placed Mr. Levy under oath and directly inquired of him whether he admitted violations of the specifications of his supervised release set forth above. Mr. Levy stated that he admitted the above violations of his supervised release as set forth above. The Court now finds there is a basis in fact for his admissions and accepts same. The government moved to dismiss specifications numbered 4 and 5, and the Court granted the same.

Mr. Levy, pro se, and Mr. Ong stipulated the following:

    1) Mr. Levy has a relevant criminal history category of III, U.S.S.G. §7B1.4(a).

    2) The most serious grade of violation committed by Mr. Levy constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

    3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Levy is 8-14 months.

    4) The parties agreed that upon revocation, the appropriate disposition of the case would be revocation of Mr. Levy's supervised release and that he sentenced to the custody of the Attorney General or his designee for a period of 9 months. Upon release from confinement, no supervised release is to follow.

The Court having heard the evidenced and/or arguments of defendant, pro se, and the government, **NOW FINDS** that Mr. Levy violated the specified conditions of supervised release as delineated in the Petition to Revoke his supervised release. The defendant's supervised release is

therefore **REVOKED** and Gillium Levy is sentenced to the custody of the Attorney General or his designee for a period of 9 months. Upon service of his sentence, the defendant will not be subject to supervised release. It is recommended by this Magistrate Judge that the defendant be designated to the Farm Camp at the United States Penitentiary at Terre Haute, Indiana.

The Magistrate Judge requests that Jason Phillips, U. S. Parole and Probation Officer, prepare for submission to the Honorable Sarah Evans Barker, Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the government and Mr. Levy, pro se, stipulated in open Court waiver of the following:

> 1. Notice of the filing of the Magistrate Judge's Report and Recommendation;
>
> 2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72.b, *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U. S. District Court for the Southern District of Indiana.*

Counsel for the government and Mr. Levy, pro se, entered into the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to 18 U.S.C. §3561 *et seq.* And Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Mr. Levy's supervised release and the sentence imposed of

imprisonment of nine months in the custody of the Attorney General or his designee. It is recommended that Mr. Levy be designated to the Prison Camp at the United States Penitentiary at Terre Haute, Indiana. Upon release from incarceration, the defendant will not be subject to supervised release.

**IT IS SO RECOMMENDED** this 17th day of January, 2012.

_____
Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

Winfield Ong,
Assistant United States Attorney
10 West Market Street, #2100
Indianapolis, IN 46204

Mike Donahoe,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal Service